# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : <br><br> Sky Bridge Resorts Community, L.L.C., <br><br> Debtor. | Chapter 11 <br><br> Case No. 10-10345 (KG) <br><br> Re: D.I. 96 |

## ORDER ESTABLISHING SALE BACKSTOP PROCEDURE AND SETTING RELATED CASE MILESTONE DEADLINES

Upon the certification of counsel to the above-captioned debtor and debtor in possession (the "Debtor") and upon the consent of MP Value Fund 5, LLC, MP Value Fund 7, LLC, MPF DEWAAY Fund 3, LLC, MPF DEWAAY Premier Fund 3, LLC, MPF Flagship Fund 11, LLC, MPF Flagship Fund 9, LLC, and MPF Income Fund 23, LLC (collectively, "MPF"), requesting entry of an order pursuant to section 105 and 362(d)(3) of title 11 of the United States Code (the "Bankruptcy Code") respecting the conditions for continuation of the automatic stay in this case with respect to the Property (as defined herein), the Court makes the following findings and determinations based upon the record in this case and upon the stipulations of the parties where so stated:

A. The Debtor timely filed a Plan of Reorganization on August 2, 2010 (together with any amendments thereto, the "Plan"), within the previously extended deadline set by the Court pursuant to the Debtor's motion to extend time under section 362(d)(3) of the Bankruptcy Code, and within the Debtor's plan filing exclusivity period under section 1121(d) of the Bankruptcy Code as previously extended.

B. The Plan provides either for the reorganization of the Debtor through exit financing sufficient to pay allowed secured claims, alone or in combination with one or more

sales of the Debtor's real property comprised of approximately 1,637 acres located in the Ridges Improvement District #2, Garland and Hotsprings Counties, Arkansas (the "Property").

C. MPF claims a first priority lien in and to the Property. Other creditors also claim a lien in the Property, and all parties' rights are reserved as to the perfection, enforceability and priority of any claimed liens upon the Property. MPF timely filed a Proof of Claim in the amount of $3,221,671.11. The Debtor stipulates to MPF having an allowed secured claim in that amount, not subject to challenge or avoidance by the Debtor. MPF's claim as and for its secured claim as of August 13, 2010 is:

| | |
|---|---|
| Proof of Claim Amount | $ 3,221,671.11 |
| Additional interest | $ 162,698.88 |
| Attorneys' fees | $ 19,500.00 |
| Total | $ 3,403,869.99 |

D. The Debtor represents that its efforts to obtain full funding of the exit financing for the Plan or alternative transactions contemplated by the Plan is in progress, provided, however, that cash funding sufficient to pay all projected Effective Date obligations (as defined in the Plan) had not been obtained as of August 27, 2010, the date agreed upon by the parties at the August 13, 2010 hearing in this case as a milestone date for such funding to be obtained.

E. The parties have agreed that it is in the parties' mutual interest to establish a date certain by which the Property will be subject to an order of this Court providing for a sale of the Property, under the Plan if confirmed, or under a separate order under section 363 of the Bankruptcy Code, and have therefore jointly proposed this Order to establish such a date certain as well as related milestones and procedures.

NOW, THEREFORE, the Court hereby ORDERS as follows:

1. The Court has previously scheduled a proposed hearing on confirmation of the Plan for November 3, 2010 at 1:30 p.m. The Debtor may continue to seek to prosecute its Plan, subject to the limitations set forth in this Order.

2. Notwithstanding the Debtor's prosecution of confirmation of the Plan, if funding sufficient to satisfy the obligations under the Plan as of the Effective Date or MPF has not transferred its claim by September 30, 2010, the Debtor shall seek an order of this Court authorizing and directing the sale of the Property free and clear of liens, claims and encumbrances, with closing and funding in full of such closing immediately following entry of such order (the "Backstop Sale Order Procedure"), except in the specific circumstances enumerated in paragraph 6 below. The Backstop Sale Order Procedure shall be effected by the proposed entry of a sale order under section 363 of the Bankruptcy Code, with a sale hearing no later than October 1, 2010. While the Court can only rule upon the requirements for entry of such an order at the time of the hearing thereon, the parties stipulate that absent successful prosecution of the Plan and timely satisfaction of any valid MPF secured claim, the elements required for approval of a section 363 sale outside of a plan under applicable Third Circuit authority are met in this case.

3. No later than September 8, 2010, the Debtor shall cause notice satisfying the requirements of Bankruptcy Rule 6004(a) to be served upon all creditors and all parties claiming an interest in or lien upon the Property, stating that the Property may be subject to a sale, with an auction to be held on September 29, 2010 and objections, if any, to the proposed sale to be filed and served so as to be received by counsel for the Debtor and counsel for MPF by 4:00 p.m. on September 24, 2010. At any sale of the Debtor's assets (including any sale of substantially all of the Debtor's assets), MPF may bid at such sale and, if the MPF purchases

such assets, it may offset the amount of its claim against the purchase price of such assets. Nothing herein shall affect the rights of any other party under section 363(k) of the Bankruptcy Code, and all parties' rights are reserved as to the perfection, enforceability and priority of any claimed liens upon the Property. No costs or expenses of administration or other charge, lien, assessment or claim incurred after the Petition Date of any person or entity shall be imposed against MPF, its claims or its collateral under section 506(c) of the Bankruptcy Code or otherwise, unless: (i) prior to incurring such costs or expenses, the party proposing to incur such costs or expense shall obtain the written consent of MPF allowing such charge to be imposed, or (ii) this Court enters an order allowing such charge to be imposed under section 506(c) of the Bankruptcy Code. The Debtor waives its right to seek such imposition of costs, expenses or charges.

4. The Backstop Sale Order procedure is expressly for the protection of the interests of MPF and any other creditor holding a valid and perfected lien upon the Property, such that said parties shall be assured of the timely and final disposition of the Property in the event that the Debtor cannot obtain the funding sufficient to satisfy the obligations under the Plan as of the Effective Date by September 30, 2010.

5. Accordingly, the automatic stay of section 362(d)(3) shall remain and is hereby extended to October 1, 2010 in order to effect the purposes of this Order.

6. Unless otherwise ordered by the Court after notice and hearing, the Backstop Sale Order Procedure shall not be required only if one of the following conditions is satisfied:

(a) the Plan is successfully prosecuted and confirmed on or before November 3, 2010, based upon, among other things, demonstration by the Debtor of actual and full cash funding of the projected Effective Date payment obligations under the Plan by September 30;

      (b) MPF sells or transfers its claim; or

      (c) MPF consents to proceeding in a different manner.

7.     The Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Dated: Wilmington, Delaware
      September **10**, 2010

                                                                                      _____
                                                                                       The Honorable Kevin Gross
                                                                                       United States Bankruptcy Judge