IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SKY BRIDGE RESORTS | ) | Case No. 10-10345(KG) |
| COMMUNITY, L.L.C., | ) | |
| | ) | |
| Debtor. | ) | **Re Docket Nos. 100 & 102** |
| | ) | |

## ORDER DENYING SALE OF CERTAIN ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b), (f), AND (m)

The above-captioned debtor and debtor-in-possession (the "Debtor") filed a motion [Docket No. 100] (the "Motion") on September 10, 2010, requesting entry of an order approving and authorizing a sale of the Debtor's real property consisting of 1.637 acres in the Ridges Improvement District #2, Garland and Hot Springs Counties, Arkansas (the "Property"), to the successful bidder, at an auction free and clear of all liens, claims, encumbrances, and other interests pursuant to Section 105, 363(b), (f), and (m) of the Bankruptcy Code, and granting related relief as the Court shall deem just and proper. The Court having reviewed the Motion and the Objection of Metropolitan National Bank ("MNB") as trustee and lender [Docket No. 102] (the "Objection") and having heard the statements of counsel and testimony during the hearing on October 1 and 8, 2010 (the "Sale Hearing") respecting the Motion, hereby concludes that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (c) the notice of the Motion, Objection and the Sale Hearing was sufficient under the circumstances that no further notice needs be given; and upon the record of the Sale Hearing;

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is DENIED. The Court finds that:

   a. Debtor fully complied with the Order governing the notice and sale procedures, and that the sale of the Property to MP Value Fund 5 and affiliated secured lenders (the "Purchaser") for a credit bid was fair and reasonable, at arm's length and in the best interest of Debtor's estate.

   b. MNB possesses valid, perfected, first in time security interests in the Property, to the extent of approximately $4.39 million. MNB's bonds are secured in accordance with Arkansas law, Ark. Code Ann 14-93-126(a)(1).

   c. Although a Modification Agreement altered MNB's security interest, any modification or extension of the Debtor's obligations was expressly conditioned on Debtor's timely payment of its obligations under the Modification Agreement. Debtor breached the Modification Agreement by failing to make the installment payments in the amount of $614,112.00. MNB therefore possesses valid, perfected, first-in-time security interests in the Property to the extent of at least $4,387,357.89, on account of amounts owing on the Bonds and the MNB Receiver Loan.

   d. The Debtor can not sell the Property free and clear of MNB's liens except with either payment in full of its obligations to MNB, or with MNB's consent. 11 U.S.C. § 363(f).

2. Accordingly, the Court denies the Motion and sustains the Objection.

3. The Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order

Dated: October 14, 2010

_____
KEVIN GROSS, U.S.B.J.